IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| ESTATE OF WILFRED C. CLEMENTS, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff, | |
| v. | Civil Action<br>No. 18-0843 (JBS-AMD) |
| APEX ASSET MANAGEMENT, LLC, | |
| Defendant. | **OPINION** |

APPEARANCES:

Thomas Patrick Kelly, III, Esq.
KELLY LAW OFFICES, LCC
3000 Atrium Way, Suite 291
Mount Laurel, NJ 08054
    Attorney for Plaintiffs

Andrew Michael Schwartz, Esq.
Lawrence J. Bartel, III, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
    Attorney for Defendant

**SIMANDLE,** District Judge:

**I. INTRODUCTION**

In this action, Plaintiff Estate of Wilfred C. Clements (hereinafter "Plaintiff") alleges that Defendant Apex Asset Management, LLC (hereinafter "Defendant") violated the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692f(8), in its efforts to collect an outstanding debt against

Plaintiff. [Docket Item 4-1, 1.] Plaintiff alleges it received Defendant's debt collection letter in an envelope that permitted Plaintiff's account number and another five-digit number to show through the envelope's glassine window, thus failing to protect Plaintiff's financial privacy with regard to symbols of debt collection activity, on envelopes. In the present motion, Plaintiff seeks summary judgment. [Docket Item 4.] For the reasons stated herein, Plaintiff's motion will be denied, and Plaintiff will be directed to show cause under Rule 56(f)(1), FED. R. CIV. P., why summary judgment should not be entered in favor of Defendant.

**II. BACKGROUND**

**A. Facts**

Defendant operates as a debt collector within the meaning of 15 U.S.C. § 1692(a)(6) [Docket Items 4-2, ¶ 2; 6-2, ¶ 2] and contracts with a third-party vendor to mail its collection letters. [Docket Item 6-3, ¶ 3.] Defendant drafted a collection letter to collect Plaintiff's outstanding debt. [Docket Item 4-2, ¶ 3; 6-2, ¶ 3.] Defendant's mail vendor created, printed, folded, inserted Plaintiff's letter into a glassine-windowed envelope [Docket Item 4-2, ¶ 4; 6-2, ¶ 4], and mailed Plaintiff the collection letter on May 10, 2017. [Docket Item 6-2, ¶ 3.] Plaintiff claims that a five–digit number and a twenty-three-digit number, the latter containing the Plaintiff's entire account number, were visible

2

through the glassine window of the envelope in which the correspondence was mailed. [Docket Item 4-2, ¶¶ 5-6.] Plaintiff says it relies on a copy of the envelope and letter located in "Exhibit C" [id.]; however, the exhibit was not provided. Exhibit C has no content, so no example of the envelope and letter is in evidence. Defendant argues that the twenty-three-digit number, containing Plaintiff's account number, could not have been visible through the glassine window of the sealed envelope. [Docket Item 6-2, ¶ 4.] Additionally, Defendant admits only that the five-digit number was visible through the glassine window but argues it did not contain any of the Plaintiff's personal or private account information. [Docket Item 6, 2.]

### B. Procedural History

On May 11, 2018, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, alleging Defendant violated the FDCPA, 15 U.S.C § 1692f(8). [Docket Item 1.] Defendant timely removed the case to the U.S. District Court for the District of New Jersey [Docket Item 1] and timely filed an answer. [Docket Item 3.] Plaintiff thereafter filed the present motion for summary judgment [Docket Item 4] and Defendant subsequently filed a Brief in Opposition to Plaintiff's motion. [Docket Item 6.] Plaintiff did not file a reply brief, and did not supply the alleged envelope or letter that was missing from its moving papers.

## III. STANDARD OF REVIEW

At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A party assertion that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A),(B).

Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, here the defendant, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in the light most favorable to the non-moving party, here the Defendant, and extend all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372,

378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must simply present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cty. of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252).

## IV. DISCUSSION

### A. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). The FDCPA is remedial legislation and "must be broadly construed in order to give full effect to these purposes." Douglass v. Convergent Outsourcing, 765 F.3d 299, 302 (quoting Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013)).

In enacting the FDCPA, Congress recognized that abusive debt collection practices lead to personal bankruptcies, marital

5

instability, the loss of jobs, and, potentially relevant in this instance, "invasions of individual privacy." Douglass, 765 F.3d at 302 (quoting 15 U.S.C. § 1692(a)). The Third Circuit has stated that a "core concern" of the FDCPA is "the invasion of privacy" and recognized that privacy interests include an individual's "status as a debtor" and "financial predicament." Id. at 303.

Here, the provision of the FDCPA at issue is Section 1692f, which prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. Id. at 302 (citing 15 U.S.C. § 1692f). The statute lays out a nonexclusive list of conduct that qualifies as unfair or unconscionable. 15 U.S.C. § 1692f. Subparagraph 8, relevant here, prohibits a debt collector from:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C § 1692f(8). In this case, the only issue is whether Defendant violated Section 1692f(8) of the FDCPA. [Docket Items 4-2, ¶ 1-3,6; 6-2, ¶ 1-3, 6.]

"In statutory interpretation, we begin with the text." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011). "If the statute's plain language is unambiguous and expresses [Congress's] intent with sufficient precision, we need

6

not look further." Allen, 629 F.3d at 367. "But if the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, then we are obligated to construe statutes sensibly and avoid constructions which yield absurd or unjust results." Douglass, 765 F.3d at 302 (internal quotations omitted). "Where the plain meaning of a statute would lead to an absurd result, we presume 'the legislature intended exceptions to its language [that] would avoid results of this character.'" Id. (quoting Gov't of Virgin Islands v. Berry, 604 F.2d 221, 225 (3d Cir. 1979)).

The United States Court of Appeals for the Third Circuit interpreted and applied Section 1692f(8) in Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014). In Douglass, the Third Circuit analyzed whether a debtor's account number printed on the outside of an envelope violated Section 1692f(8). Id. at 302. The Circuit determined that it did violate the FDCPA because the account number was "a piece of information capable of identifying [the plaintiff] as a debtor" and "its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address." Id. at 306.

The Court in Douglass noted, "[t]hough several courts, including the Courts of Appeals for the Fifth and Eighth Circuits, have interpreted Section 1692f(8) to permit an exception for certain benign or innocuous markings, they did so in the context

7

of envelope markings that did not have the potential to cause invasions of privacy." Id. at 304. The defendant moved for summary judgment "contending the account number qualified as 'benign language' that [Section] 1692f(8) was not meant to prohibit." Id. The defendant argued that the Court must adopt the benign language exception because the literal interpretation of Section 1692f(8) creates an absurdity that makes sending collection letters impossible—the envelope could not display the name and address of the recipient. Id.

The Third Circuit disagreed with the defendant because the plaintiff's account number was not benign as it was a core piece of information pertaining to the plaintiff's status as a debtor. Id. at 303, 306. Therefore, the Third Circuit declined to decide whether a benign language exception exists under Section 1692f(8) because the disclosure of the plaintiff's account number was not benign. Id. at 306.

However, the Eastern District of Pennsylvania applied the benign language exception to language and symbols that did not disclose private information. See Anenkova v. Van Ru Credit Corp., 201 F. Supp. 3d 631 (E.D. Pa. 2016) (holding a visible barcode created by and for a third-party mail vendor was benign and did not violate the FDCPA); Waldron v. Prof'l Med. Mgmt., No. CIV. 12-1863, 2013 WL 978933 (E.D. Pa. Mar. 13, 2013) (holding that a

visible QR code, used to efficiently process return mail, was benign and did not violate the FDCPA).

**B. The Five-Digit Number**

Plaintiff and Defendant agree that a five-digit number ("00155") was visible through the glassine window of the envelope. [Docket Item 6-2, ¶ 5.] However, Defendant asserts that its third-party mailing vendor randomly generated the five-digit number for mailing purposes and that the number did not reveal the decedent's personal or financial information. [Docket Item 6, 9.] Congress created the FDCPA to protect consumers from abusive debt collection practices and the invasion of their privacy. Douglass, 765 F.3d at 302. The placement of innocuous symbols or digits on a collection envelope is not an evil Congress intended to prevent. Unlike the visible account number in Douglass, a randomly-generated five-digit number for mailing purposes visible on the envelope does not implicate the privacy concerns embedded in the FDCPA as a matter of law.

Plaintiff failed to present any evidence that the number revealed the decedent's private information. Rather, Plaintiff merely stated that the Third Circuit declined to expressly adopt the benign language exception. [Docket Item 4-1, 2.] Without sufficient evidence to demonstrate that the five-digit number implicated the privacy concerns that Congress intended to protect,

9

Plaintiff failed to state a claim upon which relief is granted under the FDCPA. The five-digit number falls under the benign language exception and did not violate Section 1692f(8) of the FDCPA. Therefore, Plaintiff's motion for summary judgment will be denied as to the five-digit visible number.

### C. The Twenty-Three-Digit Number

Defendant argues that the twenty-three-digit number containing Plaintiff's account number and located on the bottom left of the letter could not have been visible through the glassine window of the sealed envelope. [Docket Item 6, 5.] Defendant's owner and corporate representative submitted a detailed description and example of how Defendant's mail vendor folds and inserts each collection letter into envelopes. [Docket Item 6-1.] He indicated that it would be physically impossible to see the twenty–three–digit number through the glassine window unless the letter shifted up by 7/16 inch. [Id. at ¶ 12.] However, there was only 3/16 inch of space within the envelope for the letter to move. [Id. at. ¶ 9.] Therefore, the only way the twenty-three-digit number could be seen through the glassine window would be by manipulating and pulling the letter outside the four corners of the envelope. [Docket Item 6, 7.] Additionally, Defendant provided over twenty copies of its previously mailed debt collection letters that do not reveal account numbers to one looking at the envelope. [Id. at 10-35.]

The Court acknowledges that Defendant provided ample evidence of its typical mailing practices and procedures to demonstrate to a reasonable fact finder that the account number was not visible. [Docket Items 6; 6-1.] This suffices to defeat Plaintiff's summary judgment motion concerning the twenty-three-digit number.

FED R. CIV. P. 56(a) provides, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Additionally, FED. R. CIV. P. 56(c)(1)(A), states,

> [a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

FED. R. CIV. P. 56(c)(1)(A).

Plaintiff failed to provide sufficient evidence to support its assertion that the account number was "visible through the outside of the glassine window." [Docket Item 4-2, ¶ 5.] Plaintiff solely relies on a copy of the envelope and letter located in "Exhibit C" [Docket Item 4-2, ¶¶ 5-6]; however, as Defendant duly pointed out, Plaintiff did not provide the exhibit. [Docket Item 6, 7.] Plaintiff did not thereafter submit the envelope itself, eye-witness testimony about the envelope, previously mailed envelopes that displayed debtor account numbers, and/or a reply to

Defendant's declaration that "Exhibit C" is "nonexistent." [Docket Item 6, 7.] Without sufficient evidence to support the alleged material fact that the account number was visible through the glassine window of the envelope, Plaintiff failed to adduce even a prima facie case from which a violation of § 1692f(8) could be found. Therefore, Plaintiff's motion for summary judgment will be denied.

### D. Notice of Contemplation of Summary Judgment Against the Moving Plaintiff

It appears beyond dispute, upon the facts submitted in the record of this summary judgment motion, that, as a matter of law, Plaintiff will be unable to prove that the twenty-three-digit account number was visible through the glassine window, such that Defendant Apex Asset Management may be entitled to judgment in its favor. Plaintiff's failure to provide any evidence to support that the five-digit number implicated privacy concerns and that the twenty-three-digit number was visible through the glassine window of the envelope leads this Court to consider FED. R. CIV. P. 56(f). Rule 56(f) provides: "[a]fter giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for the nonmovant." FED. R. CIV. P. 56(f)(1).

The Court will therefore give notice to Plaintiff Estate of Wilfred C. Clements that it is contemplating entering summary judgment in favor of the nonmovant Defendant Apex Asset Management.

Plaintiff will have fourteen (14) days from the date the accompanying Order is entered to file any opposition,[1] and Defendant will have seven (7) days thereafter to reply.

**V. CONCLUSION**

For the reasons stated above, the Court will deny Plaintiff's motion for summary judgment. Plaintiff will have fourteen (14) days to show cause why summary judgment should not be entered in favor of Defendant, Apex Asset Management, pursuant to Fed. R. Civ. P. 56(f)(1), no cause for action, as provided in part IV.D above.

An accompanying Order will be entered.

**March 25, 2019**             **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                                U.S. District Judge

---

[1] Alternatively, if Plaintiff chooses to dismiss its case, it should submit a stipulation of dismissal and need not file opposition.